**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)
1350 Columbia Street, Suite 603
San Diego, California 92101
Telephone: 619.762.1900
Facsimile: 619.756.6991
tcarpenter@carlsonlynch.com

Additional Counsel at Signature Block

Attorneys for Plaintiff and the Class

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN HARRIS, on behalf of himself and all others similarly situated, | Case No. 2:18-CV-3182 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | Violation of the Telephone Consumer Protection Act (47 U.S.C. §§ 227 *et seq.*) |
| UNIVERSAL VACATION CLUB, RESORTCOM INTERNATIONAL, LLC and VILLA GROUP HOTEL AND RESORTS, S.A. DE C.V., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

CLASS ACTION COMPLAINT

Plaintiff Julian Harris ("Plaintiff"), brings this Class Action Complaint on behalf of himself and all others similarly situated against Defendant Universal Vacation Club ("UVC"), Defendant ResortCom International, LLC ("ResortCom"), and Defendant Villa Group Hotel and Resorts, S.A. de C.V. ("Villa Group") (collectively, with UVC and ResortCom, "Defendants").

## NATURE OF THE ACTION

1. This lawsuit is brought as a class action under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA").

2. At least ten times since December of 2017, Plaintiff received a call from Defendants seeking to sell vacations/timeshares in Mexico and Florida.

3. Plaintiff never interacted with Defendants, never consented to receive calls from Defendants, and expressly instructed Defendants to stop calling his phone.

4. Plaintiff files this action to recover from Defendants for the illegal calls he and other similarly situated individuals received, and to enjoin Defendants from continuing to call individuals without consent.

## PARTIES

5. Plaintiff resides in and is a citizen of Columbia, Richland County, South Carolina.

6. Plaintiff subscribes to a wireless telephone number ending in 0266 (the "Number"), and his Number is registered on the "National Do Not Call Registry."

7. Defendant UVC is a California corporation headquartered at 6850 Bermuda Road, Las Vegas, Nevada 89119.

8. Defendant ResortCom is a California corporation headquartered at 6850 Bermuda Road, Las Vegas, Nevada 89119.

9. Defendant Villa Group is a corporation governed by foreign laws, with agents and employees located, without limitation, in California and Nevada.

10. Plaintiff and Defendants are "persons" under 47 U.S.C. § 153(39).

**JURISDICTION AND VENUE**

11. The Court has original jurisdiction under 28 U.S.C. § 1331 because this action concerns violations of 47 U.S.C. §§ 227 *et seq*.

12. The Court has personal jurisdiction over Defendants because all Defendants do business in this district, some of the calls were made from within this district, and UVC and ResortCom are incorporated in California.

13. Venue is appropriate under 28 U.S.C. § 1391(b) because this is the district in which a substantial part of the events or omissions give rising to the claim occurred, and Defendants are subject to jurisdiction in this Court.

**FACTUAL ALLEGATIONS**

14. Villa Group owns various vacation properties and timeshares in Mexico; UVC is a vacation ownership management company; and ResortCom is a full service vacation industry servicing company.

15. UVC partners with ResortCom to provide comprehensive services to Villa Group properties and timeshares.

16. As part of this partnership, Defendants regularly and concertedly make calls to individuals throughout the United States in an attempt to sell vacations or timeshare opportunities at Villa Group properties and timeshares.

17. Defendants began calling Plaintiff's Number around December of 2017, representing themselves generically as "Villa Group Resorts," and attempting to sell Plaintiff vacations/timeshares located in Florida and Mexico.

18. On the first or second call, and on other calls Defendants made to his Number, Plaintiff told Defendants to stop calling him.

19. Yet Defendants continued calling Plaintiff's Number, and still are calling Plaintiff's Number, with the most recent call occurring in early April of 2018.

20. Plaintiff has received calls from the following numbers, all of which, on information and belief, are owned, operated, and/or controlled by Defendants: (305)

910-2545; (954) 606-5517; (818) 661-2028; (909) 582-3047; (714) 831-3159; (646) 677-2506; and (708) 657-9003.

21. For some of the calls Plaintiff answered, a voice eventually came on the line, and for others calls he answered, he did not encounter any voice.

22. For those calls where a voice came on the line, Plaintiff heard clicking and voices in the background when he answered the calls, and there was a gap between his picking up the call and a voice coming on the line.

23. For those calls where a voice did not come on the line, Plaintiff picked up the phone, and, after a few seconds of silence, the call was terminated.

24. None of the calls provided Plaintiff a mechanism for opting out of receiving future calls from Defendants.

25. Other persons throughout the United States have received similar calls from Defendants.

26. Defendants made the calls at issue using an artificial or prerecorded voice and/or an automated telephone dialing system, and Defendant willfully and/or knowingly placed these calls without the prior express written consent of Plaintiff or the members of the class.

27. To Plaintiff's knowledge, he has never interacted with Defendants, and did not give Defendants consent to call his cellular phone number.

28. Plaintiff has suffered a concrete injury-in-fact, and has reasonable apprehension of continuing injury from future calls, because the calls invade his privacy, disturb his peace, and are a nuisance and harassing.

## **THE TCPA**

29. The TCPA prohibits any person within the United States from making any non-emergency call (without the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile

radio service, or other radio common carrier service, or any service for which the called party is charged for the call.  47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(iii).

30. The TCPA defines "automatic telephone dialing system" as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers." 47 U.S.C. § 227(a); 47 C.F.R. § 64.1200(f)(2).

31. The TCPA requires "prior express written consent" from the called party to receive telemarketing calls. 47 C.F.R. § 64.1200(a)(2).

32. "Prior express written consent" means clear authorization that the calling party may deliver or cause to be delivered advertisements or telemarketing messages to the called party using an automatic dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200(f)(8).

33. The TCPA provides for statutory penalties of between $500 and $1,500 per violation. 47 U.S.C. § 227(b)(3).

## CLASS ACTION ALLEGATIONS

34. The claims asserted herein are brought on behalf of Plaintiff and the following class: "All persons within the United States who received a call from Defendants, or any caller acting on behalf of Defendants, at any time from four years prior to the filing of this complaint to the present."

35. Excluded from the class are Defendants, its corporate parents, subsidiaries and affiliates, officers and directors, and any entity in which Defendants have a controlling interest, and the legal representatives, successors, or assigns of any such excluded persons or entities.  Further excluded are Plaintiff's counsel and the assigned Judge and the Judge's family and staff.

36. This suit seeks only statutory damages under the TCPA and is not intended to request any recovery for personal injury or claims related thereto.  Plaintiff reserves the right to expand the class definition to seek recovery on behalf of additional persons

as warranted by further investigation and discovery.

37. **Numerosity.** The Class members are so numerous and geographically dispersed that joinder of all members is impracticable. While the exact number of Class members is unknown at this time, Plaintiff is informed and believes that the proposed class contains hundreds, if not thousands, of members.

38. ***Existence and Predominance of Common Questions of Law and Fact.*** The common questions of law and fact arising from Defendants' uniform pattern and practice of prohibited conduct, exist as to all class members and predominate over questions affecting only individual class members. The common legal and factual questions include, but are not limited to, the following:

    a.    Whether the calls at issue were made by Defendants using an automatic telephone dialing system;

    b.    Whether the calls at issue were made by Defendants using an artificial or prerecorded voice;

    c.    Whether Defendants made the calls at issue with prior express written consent;

    d.    Whether the alleged prior express written consent was compliant with the TCPA;

    e.    Whether Defendants can establish a defense to liability;

    f.    The amount of statutory damages to be awarded to Plaintiff and each class member; and

    g.    Whether Defendants should be enjoined from engaging in the conduct described herein.

39. **Typicality.** The claims asserted by Plaintiff are typical of the claims of the members of the class, as the claims arise from the same course of conduct. Plaintiff, like each class member, received at least one call from Defendants, meaning Plaintiff and the Class members were exposed to virtually identical conduct. Plaintiff also seeks the

same relief as each class members.

40. ***Adequacy of Representation.*** Plaintiff will fairly and adequately represent and protect the interests of the class members, and has no conflict of interest with other class members. Plaintiff also has retained experienced counsel who are competent in multi-party, class, and civil litigation.

41. ***General Applicability.*** Defendants' actions are generally applicable to the class as a whole, making declaratory and injunctive relief appropriate with respect to the proposed class as a whole.

42. ***Superiority.*** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the class-action device allows for the efficiency of a single proceeding, uniformity of decision, and comprehensive supervision by a single court. First, given the damages available and the expense and burden of litigation, it is impracticable for individual class members to prosecute their claims individually, the likelihood of individual litigation is remote, and individual class members do not have a significant interest in filing individual claims. Second, even if individual litigation was practicable, likely or desirable, it would create the danger of inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court. Finally, there are no unusual management difficulties that preclude certification of the proposed class.

## FIRST CAUSE OF ACTION

**Violations of the Telephone Consumer Protection Act**

**(47 U.S.C. §§ 227 *et seq*.)**

43. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

44. Defendants' foregoing acts and omissions, including Defendants' use of an artificial or a prerecorded voice and/or an automatic telephone dialing system to make calls to the cellphones of Plaintiff and the members of the class, constitute

numerous and multiple negligent, willful and/or knowing violations of the TCPA, including but not limited to all of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.* and its implementing regulations.

45. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and the class members are entitled to statutory damages of at least $500 and no more than $1,500 per violation, and injunctive relief prohibiting Defendants' violations of 47 U.S.C. §§ 227 *et seq.* and its implementing regulations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment:

    a. Certifying this case as a class action, naming Plaintiff as the class representative, and naming Plaintiff's undersigned counsel as class counsel;

    b. Enjoining Defendants from continuing to engage in the conduct described herein;

    c. Awarding Plaintiff and class members maximum statutory damages;

    d. Awarding Plaintiff and the class members pre-judgment and post-judgment interest;

    e. Awarding Plaintiff and the class members attorneys' fees and costs; and

    f. Awarding Plaintiff and the class members such other and further relief as may be appropriate and permitted by law.

///
///
///

# JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 16, 2018

**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**

*/s/ Todd D. Carpenter*
Todd D. Carpenter (CA 234464)
1350 Columbia Street, Suite 603
San Diego, California 92101
Telephone: 619.762.1900
Facsimile: 619.756.6991
tcarpenter@carlsonlynch.com

Benjamin J. Sweet
Kevin Abramowicz
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412.322.9243
Facsimile: 412.231.0246
bsweet@carlsonlynch.com
kabramowicz@carlsonlynch.com

**THE KEHOE LAW FIRM, P.C.**
Michael K. Yarnoff
Two Penn Center Plaza
1500 JFK Boulevard, Suite 1020
Philadelphia, Pennsylvania 19102
Telephone: (215) 792-6676
myarnoff@kehoelawfirm.com

*Attorneys for Plaintiff and the Class*